**Henry HARRIS and Margaret Harris, Plaintiffs,**

v.

**Werner WISSERT, Mathilde Wissert, William Schnellbaecher, Eitel M. Schnellbaecher, Carl Sincere and Kathleen Sincere, Defendants.**

**No. 81–C–68.**

United States District Court,
E. D. Wisconsin.

May 20, 1981.

John R. Broadnax, Wilson, Broadnax & Owens, Milwaukee, Wis., for plaintiffs.

James L. Adashek, Godfrey & Trump, Milwaukee, Wis., for Sinceres.

Harry W. Theuerkauf, Milwaukee, Wis., for Wisserts.

## DECISION and ORDER

MYRON L. GORDON, District Judge.

In this action the plaintiffs allege racial discrimination in connection with their purchase of a house in the city of Milwaukee. The matter is before me on the motion of two of the defendants to dismiss with costs. Because the motion is supported and opposed by matters outside the pleadings, it will be treated as a motion for summary judgment. Rule 12(b), Federal Rules of Civil Procedure. The motion will be denied.

According to the complaint, in June 1980, the defendants Werner and Mathilde Wissert publicly offered to sell a frame duplex for $8000, which price was later raised to $8500. On June 28, 1980, the plaintiffs made an offer to purchase the duplex from the Wisserts for $8500; the offer was rejected. On July 8, 1980, the plaintiffs allegedly increased their offer to $8800, but the Wisserts rejected this offer, too.

The complaint then alleges that some time prior to July 8, 1980, the Wisserts entered into an agreement with the defendant Eitel Schnellbaecher, a real estate agent allegedly employed by a company owned by the defendant William Schnellbaecher. It is alleged that the purpose of this agreement was to arrange the sale of the Wisserts' property to a third person who would then turn around and sell the property to the plaintiffs for a substantial profit. The plaintiffs aver that, in furtherance of this scheme, on July 29, 1980, the Wisserts sold the house for $7500 to the defendants Carl and Kathleen Sincere, who allegedly borrowed a portion of the purchase price from Eitel Schnellbaecher.

The complaint goes on to aver that the Sinceres offered to sell the duplex to the plaintiffs on August 16, 1980, for an amount not less than $12,900. Soon thereafter, the plaintiffs purchased the duplex for $12,900.

The plaintiffs allege that they are black and that this scheme was perpetrated because of their race. They also claim that the object of the alleged conspiracy was to preclude them from purchasing the house at fair market value. Based on the above allegations, the plaintiffs seek $10,000 in compensatory and $100,000 in punitive damages.

The Sinceres have moved for dismissal, and for costs and attorney's fees, on the ground that they are blameless of any racial discrimination under the circumstances alleged in the complaint and in their affida-

vit. The Sinceres contend that, when they submitted an offer to purchase the property from the Wisserts, they did not know that the plaintiffs were interested in the property or that the plaintiffs had made an offer to the Wisserts on the property. The Sinceres allege that they only learned about the plaintiffs' interest in the property after the Wisserts accepted their offer and that they obtained this information from an independent source, not from either the Wisserts or Eitel Schnellbaecher.

The movants further allege that, after they contacted the plaintiffs, the plaintiffs submitted an offer to purchase the property for $12,900, which the Sinceres accepted. The Sinceres allege that this price was established in negotiations between the plaintiffs and the Sinceres' agent, Eitel Schnellbaecher. The Sinceres admit that they have had business dealings with Ms. Schnellbaecher for the past ten years.

In their affidavit, the plaintiffs have contradicted all of the Sinceres' material allegations. The plaintiffs allege that the Wisserts first agreed to sell them the duplex for $8800 but later withdrew this acceptance. The plaintiffs then assert that Carl Sincere contacted them during the month of July and inquired whether the plaintiffs were still interested in the property; it is alleged that Mr. Sincere stated that he was then still negotiating with the Wisserts to purchase the duplex. The plaintiffs further aver that Carl Sincere contacted them after he had purchased the property, stated that Eitel Schnellbaecher had told him about the plaintiffs' interest in the property, and first offered to sell the duplex to the plaintiffs for $15,000 but later reduced the price to $12,900. The plaintiffs contend that the Sinceres' alleged conduct violated 42 U.S.C. § 1982, which provides in pertinent part:

"All citizens of the United States shall have the same right . . . as is enjoyed by white citizens thereof to . . . purchase . . . real . . . property."

In their reply brief, the Sinceres have not attempted to rebut the plaintiffs' factual allegations; rather, the movants argue that even if those allegations are true, no viola-

tion of § 1982 has been stated against the Sinceres. Mr. and Mrs. Sincere contend that a violation of § 1982 is only present where the facts demonstrate that the defendant refused to sell to the plaintiff because of the latter's race; in this regard, the movants emphasize that they in fact sold the property to the plaintiffs. Moreover, the Sinceres contend that the case of *Clark v. Universal Builders, Inc.*, 501 F.2d 324 (7th Cir.), *cert. denied*, 419 U.S. 1070, 95 S.Ct. 657, 42 L.Ed.2d 666 (1974), upon which the plaintiffs rely, is inapposite.

I disagree. In *Clark*, the plaintiffs adduced evidence which demonstrated that dual housing markets existed in the city of Chicago as a result of racial residential segregation and that a shortage of housing for blacks caused a higher demand in black areas than in the white areas. The plaintiffs also demonstrated that the defendants, who were developers and vendors of houses in the black areas, exploited this situation by demanding prices and terms well in excess of prices and terms available to white citizens for comparable housing. At the close of the plaintiffs' case, the district court granted a directed verdict against the plaintiffs, and the court of appeals reversed. The question addressed and answered affirmatively by the court of appeals in *Clark* was "whether a claim may be stated under § 1982 by proof of exploitation of a discriminatory situation already existing and created in the first instance by the action of persons other than [the] defendants." *Id.* at 328. I believe the court of appeals' affirmative answer to this question controls the disposition of the Sinceres' instant motion.

In the course of its decision, the *Clark* court rejected the defendants' assertion "that absent a showing . . . that defendants refused to sell to blacks because of their race, . . . plaintiffs have not made out a case under § 1982." *Id.* at 329. The court of appeals also rejected the assertion that § 1982 was not violated because the defendants would have sold the houses to whites for the same exorbitant prices that were paid by the black plaintiffs: "It is no an-

swer that defendants would have exploited whites as well as blacks." *Id.* at 331. The court of appeals expressed the central concern of § 1982 in the following terms:

"Accordingly, neither prices nor profits—whether derived through well-intentioned, good-faith efforts or predatory and unethical practices—may reflect or perpetuate discrimination against black citizens. We agree with Judge Will's statement that 'there cannot in this country be markets or profits based on the color of a man's skin.' *Contract Buyers League v. F & F Investment,* 300 F.Supp. 210, 216 (N.D.Ill.1969)." 501 F.2d at 332 (footnote omitted).

This concern is certainly activated by the plaintiffs' allegations in this case. Viewing the record in the light most favorable to the plaintiffs, *see Poller v. Columbia Broadcasting System, Inc.,* 368 U.S. 464, 473, 82 S.Ct. 486, 491, 7 L.Ed.2d 458 (1962), it appears that the Sinceres may have "exploited a situation ... tainted by racial discrimination." *Clark v. Universal Builders, Inc.,* *supra,* 501 F.2d at 330. Moreover, as in *Clark,* the Sinceres demanded a price "far in excess of [the] property's fair market value...." *Id.* at 333. The plaintiffs' failure to explain why they agreed to pay an excessive price surely does not bar their claim. Therefore, by alleging that the Sinceres exploited a situation brought about by impermissible consideration of race, and by alleging that the Sinceres demanded an unreasonable price for the property, the plaintiffs have made out a prima facie case under § 1982.

There is no reason to believe that the court of appeals intended *Clark* to be narrowly confined to its particular facts. In construing § 1982, the *Clark* court endeavored to carry out the Supreme Court's direction that § 1982 be interpreted so as " 'to assure that a dollar in the hands of a Negro will purchase the same thing as a dollar in the hands of a white man.' " *Id.* at 329 (quoting *Jones v. Mayer Co.,* 392 U.S. 409, 443, 88 S.Ct. 2186, 2205, 20 L.Ed.2d 1189 (1968)). Moreover, the *Clark* court admonished that § 1982 should be accorded " 'a sweep as broad as its language.' " 401 F.2d at 333 (quoting *Jones v. Mayer Co., supra,* 392 U.S. at 437, 88 S.Ct. at 2202). The alleged conduct of the Sinceres fits within the scope of § 1982 as interpreted by the court of appeals in *Clark.* I therefore reject the Sinceres' contention that certain statements in the *Clark* opinion, which addressed the problem of proving a § 1982 violation within the factual context of that case, preclude application of the *Clark* holding to the facts alleged in the case at bar.

In reviewing the record before me, I note that the defendant Eitel Schnellbaecher has failed to file an answer to the complaint, although service on him was made on January 27, 1981. I also note that service has not been effected on William Schnellbaecher. The plaintiffs should advise me of their intentions with regard to this matter within ten days of this date; specifically, I wish to know whether they contemplate moving for a default judgment against Eitel Schnellbaecher and what steps will be taken, if any, to accomplish service on William Schnellbaecher.

Therefore, IT IS ORDERED that the motion of Carl and Kathleen Sincere to dismiss with costs, treated as a motion for summary judgment, be and hereby is denied.